# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANNY J. SMITH,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0103**  (BOR Appeal No. 2049927)
(Claim No. 860039806)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**JOHN ROGER MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny J. Smith, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Noah Barnes, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 20, 2015, in which the Board affirmed a September 30, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 30, 2014, decision denying Mr. Smith's request for authorization of two caudal epidural injections and two lumbar facet joint injections. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is in clear violation of a statutory provision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Smith injured his left knee in the course of his employment on February 12, 1986, when he stepped on a rock and twisted his knee.[1] Mr. Smith is now requesting authorization for two caudal epidural injections and two lumbar facet joint injections.[2] In his report detailing the results of his August 19, 2013, evaluation of Mr. Smith, Saghir Mir, M.D., opined that Mr. Smith does not require epidural or facet injections in relation to the February 12, 1986, injury. Dr. Mir further opined that there is no clinical evidence of radiculopathy to justify the use of epidural injections. Finally, Dr. Mir opined that facet injections are not required in relation to the treatment of the February 12, 1986, injury because the majority of Mr. Smith's facet joint changes are generalized and are unrelated to the February 12, 1986, injury.

On April 30, 2014, the claims administrator denied Mr. Smith's request for authorization of two epidural caudal injections and two lumbar facet injections. In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Smith has failed to prove by a preponderance of the evidence that the requested injections constitute medically related and reasonably required treatment in relation to the February 12, 1986, injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 20, 2015.

After reviewing Dr. Mir's summarization of Mr. Smith's medical record, which is the only medical evidence of record, the Office of Judges noted that it appears that at least some portion of the treatment Mr. Smith has received in relation to his lower back, namely the L4-5 discectomy, was not submitted as a claim for workers' compensation benefits. The Office of Judges further noted that Mr. Smith failed to submit any evidence demonstrating that the requested injections are related to continuing treatment for the February 12, 1986, injury.

After reviewing the record, we find that the decision of the Office of Judges, which was affirmed by the Board of Review, is in clear violation of a statutory provision. Dr. Mir's report

[1] The only evidence of record pertaining to the circumstances of the February 12, 1986, injury is contained within the August 19, 2013, report of Dr. Mir in which he summarized the medical records of Mr. Smith which were made available for his review. Dr. Mir noted that the injury was initially held compensable for osteoarthritis of the lower leg, chrondromalacia of the patella, derangement of the meniscus, tear of the medial cartilage or meniscus, and dislocation of the patella. Dr. Mir noted that Mr. Smith underwent multiple arthroscopies and a left total knee arthroplasty for the treatment of the compensable left knee injury.

[2] The only medical evidence of record relating to Mr. Smith's lumbar spine is contained within Dr. Mir's August 19, 2013, summarization of Mr. Smith's medical record. Dr. Mir noted that Mr. Smith underwent an L4-5 discectomy for the treatment of a herniated disc in 1997, which was performed at a Veteran's Affairs Hospital. Additionally, Dr. Mir stated that he "believes" that Mr. Smith's lower back was added as a compensable component of the claim arising from the February 12, 1986, injury. Further, Dr. Mir noted that Mr. Smith has been receiving lumbar facet and epidural injections for approximately twelve years, which Dr. Mir indicated may have been authorized by the claims administrator. However, no evidence pertaining to the compensability of the lower back, prior authorizations for lumbar facet and epidural injections, or Mr. Smith's ongoing need for such injections has been introduced into the record.

clearly indicates that the lower back has been added as a compensable body part in the instant claim. His report further indicates that Mr. Smith may have received authorization for some forms of treatment relating to the lower back. West Virginia Code of State Rules § 93-1-6.8 (2008) provides that the Office of Judges "may order further action in a protest when it appears that a legal issue has not been sufficiently addressed". Although the evidentiary record currently before the Office of Judges offers no definitive information regarding the compensability of the lower back, given the fact that Dr. Mir's report indicates that the lower back has been added as a compensable body part and the fact that Mr. Smith is a pro se claimant, pursuant to West Virginia Code of State Rules § 93-1-6.8 the Office of Judges should have taken further action in order to discover which diagnosis or diagnoses regarding the lower back have been added as compensable components of the claim. Further, the Office of Judges acknowledged in its Order that the lower back has apparently been added as a compensable body part. Therefore, the Office of Judges' failure to take additional action aimed at discovering the nature of the lower back component of the instant claim has resulted in the inadequate development of a legal issue central to Mr. Smith's protest of the April 30, 2014, claims administrator's decision which must be resolved before the issue of Mr. Smith's entitlement to the requested epidural and lumbar facet injections can be fairly determined.

For the foregoing reasons, we find that the decision of the Board of Review is in clear violation of a statutory provision. Therefore, the decision of the Board of Review is reversed and the claim is remanded to the Office of Judges with instructions to reconsider Mr. Smith's request for authorization of two caudal epidural injections and two lumbar facet injections in light of the provisions of West Virginia Code of State Rules § 93-1-6.8.

Reversed and remanded.

**ISSUED:  February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman

**DISSENTING:**
Justice Brent D. Benjamin
Justice Allen H. Loughry II

LOUGHRY, J., dissenting:
I dissent from the majority's decision to reverse the decision of the Board of Review and remand the claim to the Office of Judges for further consideration pursuant to West Virginia Code of State Rules § 93-1-6.8. Although Mr. Smith is a pro se claimant, he bears the burden of demonstrating that the requested caudal epidural and lumbar facet injections are medically necessary and reasonably required for the ongoing treatment of conditions arising as a result of

3

the February 12, 1986, left knee injury. Mr. Smith failed to submit any evidence in support of his protest from the April 30, 2014, claims administrator's decision to the Office of Judges. In that regard, Mr. Smith has failed to establish that the requested injections are medically necessary and reasonably required for the ongoing treatment of conditions arising as a result of the February 12, 1986, left knee injury. Further, the only medical evidence of record, namely the report of Dr. Mir, indicates that the requested injections are not required for the treatment of the February 12, 1986, injury. The claims administrator, Office of Judges, and Board of Review all correctly concluded that Mr. Smith has failed to establish that the requested injections constitute medically related and reasonably required treatment in relation to the February 12, 1986, injury. West Virginia Code § 23-5-15(c) (2010) provides, in pertinent part:

> If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

(Emphasis added). Accordingly, for the reasons set forth above, I would have affirmed the decision of the Board of Review.

4